UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CP4 FUEL PUMP MARKETING, SALES
PRACTICES, AND PRODUCTS LIABILITY LITIGATION     MDL No. 2919

ORDER DENYING TRANSFER

**Before the Panel**:* Plaintiffs in nine actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California, or, in the alternative, the Eastern District of Michigan. The litigation consists of ten actions: two actions each in the Northern District of California, the Southern District of Florida, and the Eastern District of Michigan, three actions in the Southern District of Texas, and one action in the District of New Jersey, as listed on the attached Schedule A. The parties have notified the Panel of two potential tag-along actions.

Moving plaintiffs seek, in the first instance, the creation of a single MDL. In the alternative, they request that the Panel create three defendant-specific MDLs, but assign them to the same judge. Responding parties' positions vary. Plaintiffs in the District of New Jersey action support the Section 1407 motion. Defendants General Motors LLC (GM), Ford Motor Company (Ford), and FCA US LLC (FCA) oppose the motion. If the Panel orders centralization over their objections, GM and Ford argue for defendant-specific MDLs in the Eastern District of Michigan, and FCA favors centralization in either the Eastern District of Michigan or the Southern District of Texas.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions involve allegations that the Bosch-supplied CP4 fuel pump in certain GM, Ford, and FCA vehicles equipped with diesel engines is defective, and that plaintiffs have suffered economic losses (*e.g.*, repair costs, diminution in value, etc.) as a result. Centralization thus might, to some extent, avoid duplicative discovery and other pretrial proceedings, and conserve the resources of the parties and the judiciary.

Several considerations, however, cut against centralization. First, there are only ten constituent actions and two tag-alongs, and each involves only one vehicle manufacturer (*i.e.*, there are five constituent cases against GM, four against Ford, and only one against FCA). The risk of

---

\*       One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

redundant discovery and inconsistent class certification rulings is accordingly less significant.[1] That risk is further diminished in that plaintiffs in nine of the ten actions, as well as one of the two tag-alongs, are represented by the same attorneys.[2]

Second, notwithstanding the existence of certain common factual issues (such as whether the CP4 pump can function properly with U.S. diesel fuel), these cases also present numerous automaker-specific and plaintiff-specific issues. Individualized issues include each automaker's design and testing of the subject vehicles, its knowledge of the alleged defect, its interactions with Bosch, and its marketing and communications with consumers. Plaintiffs' own allegations indicate that the alleged defect does not manifest itself in the same way from vehicle to vehicle, and thus that considerable discovery likely will target plaintiffs' individual – and varying – ownership experiences. For example, in Southern District of Texas *Berry* (against FCA), the named plaintiff Kevin Lee Berry alleges that he purchased a used 2014 Jeep Grand Cherokee in April 2017, and experienced "catastrophic failure" of the fuel pump system in June 2018. *See Berry* First Am. Compl. ¶ 10. In Southern District of Florida *Ginebra* (against GM), the named plaintiff Frank Ginebra asserts that he purchased a used 2011 Chevrolet Silverado 3500 HD – with approximately 89,000 miles on the odometer – in October 2017, but that a "catastrophic CP4-induced failure" did not occur until November 2018. *See Ginebra* First Am. Compl. ¶ 8. And in Eastern District of Michigan *Droesser* (against Ford), the named plaintiff Mark William Droesser does not allege any specific failure of the CP4 pump or engine in the 2015 Ford 350 that he purchased new in May 2014 (and that now has approximately 115,906 miles on it). Rather, Mr. Droesser more generally contends that because of the CP4 pump, the vehicle has not provided the "advertised combination of durability, power, reliability, and fuel efficiency of diesel that Plaintiff relied upon." *See Droesser* Compl. ¶ 9.

Third, the three defendant vehicle makers are competitors. The Panel is "typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products."[3] In particular, centralizing competing defendants in the same MDL likely would complicate case management due to the need to protect trade secret and confidential

---

[1] We note that in the three actions against Ford outside the Eastern District of Michigan, Ford has moved for transfer, under 28 U.S.C. § 1404(a), to the Eastern District of Michigan, which is movants' second choice for transferee district. If those motions are granted, all four actions against Ford will be in a single district, further lessening any need for centralization.

[2] *See, e.g., In re Credit Union Checking Account Overdraft Litig.*, 158 F. Supp. 3d 1363, 1364 (J.P.M.L. 2016) (denying centralization of eleven actions (four tag-alongs), noting that informal coordination of any overlapping discovery appeared practicable, as all plaintiffs were represented by the same two law firms).

[3] *In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012).

-3-

information.[4] "In addition, a multi-defendant MDL may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials."[5] The record before us contains little, if anything, to overcome our usual reluctance to centralize actions against different defendants in one MDL – for example, there is no allegation of a conspiracy involving the three vehicle makers. In this instance, centralizing these ten single-defendant cases likely would result in significant inefficiencies and delay, without producing any substantial offsetting benefits.

Moving plaintiffs' alternative request for creation of separate MDLs for each defendant is not well taken. The relatively small number of actions and the presence of the same plaintiffs' counsel in almost all the actions suggest that cooperation and informal coordination by the involved courts and counsel are practicable, and should be effective in minimizing or eliminating duplicative pretrial proceedings.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle               R. David Proctor
Catherine D. Perry                Nathaniel M. Gorton
Matthew F. Kennelly               David C. Norton

---

[4] *See, e.g., In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) ("Centralization of all actions against all manufacturers will add few efficiencies to the resolution of this litigation," and "could complicate these matters, as defendants may need to erect complicated confidentiality barriers, since they are business competitors.").

[5] *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, 223 F. Supp. 3d 1345, 1348 (J.P.M.L. 2016).

**IN RE: CP4 FUEL PUMP MARKETING, SALES
PRACTICES, AND PRODUCTS LIABILITY LITIGATION**     MDL No. 2919

## SCHEDULE A

    <u>Northern District of California</u>

FARLOW, ET AL. v. FORD MOTOR COMPANY, C.A. No. 3:18-06967
IN RE: GENERAL MOTORS LLC CP4 FUEL PUMP LITIGATION,
    C.A. No. 4:18-07054

    <u>Southern District of Florida</u>

GINEBRA, ET AL. v. GENERAL MOTORS LLC, C.A. No. 1:18-25209
NUNEZ, ET AL. v. FORD MOTOR COMPANY, C.A. No. 1:18-25211

    <u>Eastern District of Michigan</u>

CHAPMAN, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:19-12333
DROESSER, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:19-12365

    <u>District of New Jersey</u>

DAWSON v. GENERAL MOTORS LLC., C.A. No. 3:19-08680

    <u>Southern District of Texas</u>

CLICK, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:18-00455
STEVENS, ET AL. v. FORD MOTOR COMPANY, C.A. No. 2:18-00456
BERRY, ET AL. v. FCA US LLC, ET AL., C.A. No. 2:19-00023